[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit



No. 96-1239

UNITED STATES,

Appellee,

v.

JOHN P. GAGLIARDI,

Defendant - Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Bownes, Senior Circuit Judge, 

and Lynch, Circuit Judge. 



Michael C. Bourbeau, by appointment of the court, Victoria 
M. Bonilla and Bourbeau & Bourbeau, Bonilla, Tocchio & Floyd, LLP 
on brief for appellant.
Kevin P. McGrath, Assistant United States Attorney, and 
Donald K. Stern, United States Attorney, on brief for appellee. 



June 25, 1997


Per Curiam. Upon due consideration of the briefs of Per Curiam. 

counsel and the record in this case, we affirm the district affirm 

court's sentencing determination.

Defendant-Appellant John Gagliardi ("Gagliardi") pled

guilty on April 26, 1995 to six counts involving conspiracy to

possess with intent to distribute marijuana, under 21 U.S.C. 

846, possession with intent to distribute marijuana, under 21

U.S.C. 841(a), and liability for criminal forfeiture, under 21

U.S.C. 853. At his sentencing hearing, the government

requested that Gagliardi's base offense level be reduced from 32,

which the Presentencing Report ("PSR") recommended, to 30,

pursuant to the plea agreement. The government also requested

that a three-level enhancement be added for Gagliardi's role in

the offense. That upward adjustment was made, and ultimately,

his total offense level was determined to be 30,1 corresponding

to a range under the Sentencing Guidelines of 97 to 121 months.

The government recommended, and the sentencing court approved, a

sentence of 97 months imprisonment. The court also denied a

motion for downward departure.

Gagliardi alleges two errors by the sentencing court:

first, that he was improperly given a three-level upward

adjustment pursuant to U.S.S.G. 3B1.1(b)2 for being a manager
 

1 Gagliardi received a three-level decrease in offense level
pursuant to U.S.S.G. 3E1.1(b)(2) for timely acceptance of
responsibility.

2 Sentencing Guideline 3B1.1(b) mandates a three-level
increase if "the defendant was a manager or supervisor . . . and
the criminal activity involved five or more participants or was

-2-

or supervisor in a criminal activity involving five or more

participants; and second, that the sentencing court failed to

consider facts relevant to his motion for a downward departure

under U.S.S.G. 5K2.0 based on unusual family circumstances.

Both allegations are without merit.

Gagliardi appears to concede that four other men

assisted in the storage and re-packaging of the marijuana which

he had acquired, thereby satisfying the requirement of "five or

more participants" -- when one counts Gagliardi himself as the

fifth participant -- under U.S.S.G. 3B1.1. Moreover, there was

ample factual support in the PSR for the district court's finding

that Gagliardi was a "manager or supervisor." 

Contrary to Gagliardi's insinuations on appeal, the

fact that there were other persons who had greater managerial

responsibilities does not render the section 3B1.1 enhancement

inapplicable to him. See United States v. Goldberg, 105 F.3d 

770, 777 (1st Cir. 1997) ("[A] defendant need not be at the top

of a criminal scheme to be a manager or supervisor."). Indeed,

the well-established standard for upward adjustments under

section 3B1.1 requires only that there be "'evidence that a

defendant, in committing the crime, exercised control over, or

was otherwise responsible for overseeing the activities of, at

least one other person.'" United States v. Voccola, 99 F.3d 37, 

44 (1st Cir. 1996) (quoting United States v. Savoie, 985 F.2d 

612, 616 (1st Cir. 1993)). The PSR confirms that this requirement
 

otherwise extensive." 

-3-

was met. It states, for example, that Gagliardi directed a co-

conspirator to bring large amounts of money he needed to purchase

marijuana in Arizona, and that Gagliardi directed another co-

conspirator to find a suitable location for storing and

repackaging the marijuana that he had purchased. Furthermore,

evidence related to role in the offense determinations may be

probative "'by fair inference.'" See Voccola, 99 F.3d at 45 

(quoting United States v. Tejada-Beltr n, 50 F.3d 105, 113 (1st 

Cir. 1995)). In this case, one can reasonably infer Gagliardi's

supervisory control over those who were engaged in repackaging

the marijuana at the storage location (an airplane hangar) from

Gagliardi's responsibility for arranging the storage location, as

well as from the fact that, after the four men were discovered in

the hangar, they drove away and called Gagliardi. In sum, there

is no basis for finding any error in the district court's role in

the offense determination, clear or otherwise.

Finally, there is no support in the record for

Gagliardi's contention that the district court failed to

consider, or prevented Gagliardi from producing, facts relevant

to his motion for a downward departure on the basis of unusual

family circumstances. On review of the record, it appears that

the facts presented in Gagliardi's eleventh hour memorandum,

which Gagliardi claims the district court improperly ignored, had

already been substantially brought to the court's attention in a

previous sentencing memorandum, in the PSR, as well as through

defense counsel's statements at the sentencing hearing. We

-4-

further note that the district court did not abuse its discretion

in determining that the facts regarding Gagliardi's family

circumstances -- the most noteworthy of which are that

Gagliardi's youngest daughter has an attention deficit disorder

and that her mother is being treated for breast cancer -- are not

of a kind so extraordinary as to warrant a downward departure.

See U.S.S.G. 5H1.6 ("Family ties . . . are not ordinarily 

relevant."); United States v. Rivera, 994 F.2d 942, (1st Cir. 

1993) (family circumstances do not ordinarily warrant downward

departure); compare United States v. Sclamo, 997 F.2d 970, 972 

(1st Cir. 1993) (affirming downward departure for defendant where

psychologist concluded that defendant's stepson, who had been

abused by his biological father, had unique relationship with

defendant and needed defendant's presence to continue recovery);

United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992) 

(affirming downward departure where defendant was sole caregiver

to four very young children).

Affirmed. Affirmed 

-5-